IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID NATHANIEL REESE,

      Plaintiff,

v.                                           CASE NO. 4:15-cv-428-RH-GRJ

JOHN F. HARKNESS, JR., EXECUTIVE
DIRECTOR, THE FLORIDA BAR;
TERESA GOODSON, BAR COUNSEL.

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Walton CI, initiated this case by filing

ECF No. 1, a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and has been

granted leave to proceed as a pauper by separate order.  The Complaint is before the

Court for screening pursuant to 28 U.S.C. § 1915A.  For the following reasons, the

Court concludes that the Complaint fails to state a claim upon which relief may be

granted, and therefore it is recommended that the Complaint be dismissed.

**Standard of Review**

Pursuant to 28 U.S.C. § 1915A, the court "shall review . . . a complaint in a civil

action in which a prisoner seeks redress from a governmental entity or officer or

employee of a governmental entity," and shall "dismiss the complaint . . . if the

complaint . . . fails to state a claim upon which relief may be granted."  To state a claim

for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission

committed by a person acting under color of state law deprived him of a right, privilege,

or immunity secured by the Constitution or laws of the United States.  *Hale v.*

*Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy

these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

## Allegations of Complaint

The Complaint stems from Duval County criminal proceedings against Plaintiff during which he was represented by a state public defender and a private attorney. Plaintiff alleges that his public defender rendered ineffective assistance in his original criminal prosecution. He contends that he filed a complaint against her with the Florida Bar but Defendant Harkness and the Bar ruled against Plaintiff. Plaintiff generally contends that the courts in Duval County are corrupt, and that Defendant's action on his

Bar complaint furthered such corruption. Plaintiff alleges that he subsequently was

represented in a violation of probation proceeding by a private attorney after three

public defenders refused to represent him. He contends that his lawyer in the VOP

case also rendered ineffective assistance, and Florida Bar Counsel Teresa Goodson

wrongfully rejected his complaint about his counsel. Plaintiff asks the Court to make

the Defendants answer for their wrongdoing and award him and his minor children

$100,000,000 in damages. ECF No. 1.

### Discussion

Federal courts are courts of limited jurisdiction that possess only that power

authorized by the Constitution and federal statutes. *See, e.g., Delaware v. Van Arsdall*,

475 U.S. 673, 692 (1986). A plaintiff invoking the court's jurisdiction must establish the

basis for such jurisdiction in the complaint. *See Taylor v. Appleton,* 30 F.3rd 1365,

1367 (11th Cir. 1994). Even liberally construed, it is clear that the factual allegations of

the Complaint establish only that Plaintiff believes the Defendants erred in rejecting his

complaints about his lawyers' performance during his criminal proceedings. Such

allegations create no basis for federal subject matter jurisdiction.

To the extent that Plaintiff contends he is entitled to any relief from his criminal

conviction due to his counsel's performance, his remedy would lie in a petition for a writ

of habeas corpus. "[W]hen a prisoner is challenging the very fact or duration of his

physical imprisonment, and the relief he seeks is a determination that he is entitled to

immediate release or a speedier release . . . his sole federal remedy is a writ of habeas

corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). It is clear that Plaintiff's

ineffective-assistance claims would implicate the fact or duration of his confinement,

and therefore such claims go to the very heart of habeas corpus and are not properly raised in a civil rights complaint.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend a complaint "should be freely given." *See* Fed.R.Civ.P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182. Because, even liberally construed, the facts alleged do not suggest that Plaintiff could amend his complaint to assert any cognizable claims for relief in this Court, the Court concludes that amendment of the complaint would be futile. *See Foman*, 371 U.S. at 182.

## Conclusion

It is respectfully **RECOMMENDED** that this case should be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2) for lack of jurisdiction and failure to state a claim upon which relief may be granted

.    **IN CHAMBERS** at Gainesville, Florida, this 21st day of October 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**